IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 01:10-cv-23493-JLK

ITL INTERNATIONAL, INC., d/b/a MARS
CARIBBEAN AND CENTRAL AMERICA
f/d/b/a MASTER FOODS INTERAMERICA,

    Plaintiff,

v.

NINOSHKA, S.A., and CONFECTIONARY
TRADING CO., INC.

    Defendants.
_____/

## ORDER GRANTING WITHOUT PREJUDICE DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** has come before the Court upon Defendants Ninoshka, S.A., and Confectionary Trading Co., Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint (DE #30), filed November 15, 2010. Therein, Defendants seek dismissal of Plaintiff's First Amended Complaint on the basis of 1) *forum non conveniens*; 2) international comity; 3) lack of personal jurisdiction; and 4) insufficient service of process.[1]

Upon consideration of the parties' arguments and legal authorities cited, the Court finds that Plaintiff's First Amended Complaint must be dismissed due to lack of subject-matter jurisdiction, rather than for the reasons argued by Defendants. While Defendants contend that Plaintiff's First Amended Complaint intrudes upon certain statutory rights recognized in Guatemala and suggest that this Court's jurisdiction would be improperly exercised here, the Court need not consider *forum non conveniens* or international comity at this stage. Instead, the Court holds that, as pleaded, the First

---

[1] The matter has been well briefed, as Plaintiff filed a Response (DE #35) on December 23, 2010, to which Defendants filed a Reply (DE #36) on January 12, 2011.

Amended Complaint lacks the required actionable "case or controversy" to give this Court subject-matter jurisdiction.

As noted by the Eleventh Circuit, "[f]ederal courts have limited subject matter jurisdiction." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). Indeed, the Eleventh Circuit further noted in that case that

> lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.

*Id.* at 1261 (internal citation omitted). *See also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy.").

Here, where the Plaintiff seeks declaratory judgment, the operative grant of jurisdiction emanates from the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* Under that Act, federal courts are given jurisdiction to, "upon the filing of an appropriate pleading, [] declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). It is well settled that the jurisdiction to adjudicate declaratory judgments is equivalent to that of cases and controversies under Article III. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Indeed, the Supreme Court enunciated the standard in *MedImmune*: lower federal courts must determine "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." 549 U.S. at 127 (internal quotation omitted). To qualify as a substantial controversy, a dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests," be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion

advising what the law would be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937). While no bright-line rule exists as to whether there is a case or controversy, *MedImmune*, 549 U.S. at 127-28, the determination of whether a case or controversy exists must be based upon the totality of the circumstances as facially apparent in the complaint. *Prasco, LLC v. Medicis Phar. Corp.*, 537 F.3d 1329, 1335 (Fed. Cir. 2008) (noting that "the analysis must be calibrated to the particular facts of each case").

On consideration of the totality of circumstances evidenced by the First Amended Complaint, the Court finds that Plaintiff's declaratory action is not founded upon a "case or controversy" but instead a future possibility. In relevant part, the First Amended Complaint states as follows:

7. Ninoshka claims to be Mars' exclusive buyer, importer, agent, representative or distributor in Guatemala under an allegedly oral or implied contract that Mars allegedly entered into with Ninoshka.

8. Ninoshka also claims that Mars must pay substantial penalties to Ninoshka, unrelated to any real damages for breach of any actual loss, because of Mars' termination or material changes to its alleged oral or implied contract with Ninoshka.

9. Ninoshka has claimed that such penalty totals approximately US$4.5 million consisting in part of several years of Ninoshka's alleged gross profits.

First Am. Compl. ¶¶7-9. Thus, as pleaded by Plaintiff, there is no evidence that any case has been filed by Defendant Ninoshka in any jurisdiction – whether in Guatemala or the United States.

Instead, Plaintiff has proactively brought this action seeking declaratory relief in order to prohibit a speculative penalty that Defendant Ninoshka might gain if it pursued an action in a Guatemalan court of law. Such proactive litigation before a party has even sought the application of foreign statutory relief clearly does not satisfy the oft-cited federal court limitation to adjudicate only "cases or controversies." *See, e.g., Prasco*, 537 F.3d at 1335 (noting that prior litigiousness may be considered in determining existence of case or controversy, but limiting consideration to parties' own litigation rather than that of a third-party). Although, as noted by the *Prasco* court, no bright-line test exists, the Court finds that the facts as pleaded in Plaintiff's First Amended Complaint do not satisfy

the requirements under the Declaratory Judgment Act or, by extension, Article III of the United States Constitution.

Accordingly, having considered the Defendants' Motion to Dismiss and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court **ORDERS, ADJUDGES,** and **DECREES** that:

1. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (DE #30) is **GRANTED**.

2. Plaintiff's Complaint (DE #28) is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff elects to amend its Complaint, it shall do so **within 20 days** of the date of this Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 4th day of February, 2011.

JAMES LAWERENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:

**Counsel for Plaintiff**
**Michael P. Socarras**
McDermott Will & Emery
600 13th Street NW
12th Floor
Washington, DC 20005-3096
202-756-8000
Email: msocarras@mwe.com

**Paul G. Alvarez**
McDermott, Will & Emery, LLP
600 Thirteenth Street, N.W.
Washington, DC 20005
202-756-8000
Email: palvarez@mwe.com

**Raquel A. Rodriguez**
McDermott Will & Emery LLP
201 S Biscayne Boulevard
Suite 2200
Miami, FL 33131-4336
305-358-3500
Fax: 305-347-6500
Email: rrodriguez@mwe.com

**Roberto Martinez**
Colson Hicks Eidson
255 Aragon Avenue
2nd Floor
Coral Gables, FL 33134-2351
305-476-7400
Fax: 476-7444
Email: bob@colson.com

**Alexandra M. Mora**
Akerman Senterfitt
Suntrust International Center
1 SE 3rd Avenue
25th Floor
Miami, FL 33131-1714
Email: alexandra.mora@akerman.com

**Counsel for Defendants**
**Leah B. Storie**
Squire Sanders & Dempsey LLP
Wachovia Financial Center
200 S Biscayne Boulevard
40th Floor
Miami, FL 33131-2398
305.577.7025
Fax: 305.577.7001
Email: lstorie@ssd.com

**Pedro Julio Martinez-Fraga**
Squire, Sanders & Dempsey LLP
200 S. Biscayne Boulevard
Suite 4000
Miami, FL 33131
(305) 577-7000
Fax: (305) 577-7001
Email: pmartinezfraga@ssd.com

**Pierre H. Bergeron**
Squire Sanders & Dempsey LLP

221 E 4th Street  
Suite 2900  
Cincinnati, OH 45202-4095  
513-361-1200  
Fax: 513-361-1201  
Email: pbergeron@ssd.com